IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| NATIONAL ELECTRICAL BENEFIT FUND, <br> 2400 Research Boulevard, Suite 500 <br> Rockville, Maryland 20850, <br><br> and <br><br> NATIONAL ELECTRICAL ANNUITY PLAN, <br> 2400 Research Boulevard, Suite 500 <br> Rockville, Maryland 20850, <br><br> Plaintiffs, <br><br> v. <br><br> VOGT ELECTRIC COMPANY, INC., <br> an Ohio corporation, <br> 2508 Lanes Mill Road <br> Hamilton, OH 45013 <br><br> Defendant. | Civil Action No. 8:18-cv-1436 |

## COMPLAINT

1. This is an action brought by the Trustees of multiemployer pension plans, the National Electrical Benefit Fund (hereinafter the "NEBF") and the National Electrical Annuity Plan (hereinafter the "NEAP"; together with NEBF, the "Funds"), to compel Defendant Vogt Electric Company, Inc. to provide the Funds' auditor with access to payroll records as Defendant is required to do under the provisions of its collective bargaining agreements and the plan documents of the Funds.

## JURISDICTION AND VENUE

2. This Court has jurisdiction of this matter pursuant to Section 502(e) of the Employee Retirement Income Security Act of 1974, as amended (hereinafter "ERISA"), 29 U.S.C. 1132(e). Plaintiffs are fiduciaries to the NEBF, NEAP, and FMCP, and this action arises under Sections 502(a)(3) and 515 of ERISA, 29 U.S.C. 1132(a)(3), and 1145. Venue is proper because the Funds are administered within this district. ERISA Section 502(e)(2), 29 U.S.C. 1132(e)(2).

3. This Court also has jurisdiction of this matter pursuant to Section 301 of the Taft-Hartley Act, 29 U.S.C. § 185, as this is an action for a violation of a collective bargaining agreement between an employer and a labor organization.

## PARTIES

4. NEBF is a multiemployer employee pension benefit plan within the meaning of Section 3(2) of ERISA, 29 U.S.C. § 1002(2), that has been established pursuant to an agreement entered into between the International Brotherhood of Electrical Workers ("IBEW") and the National Electrical Contractors Association ("NECA"). NEBF is a defined benefit plan as defined by Section 3(35) of ERISA, 29 U.S.C. § 1002(35). The address of NEBF is 2400 Research Boulevard, Suite 500, Rockville, Maryland 20850-3238.

5. NEAP is a multiemployer employee benefit plan within the meaning of Section 3(2) of ERISA, 29 U.S.C. § 1002(2), that has been established pursuant to an agreement entered into between the IBEW and NECA. NEAP is a defined contribution plan as defined by Section 3(34) of ERISA, 29 U.S.C. § 1002(34). The address of NEAP is 2400 Research Boulevard, Suite 500, Rockville, Maryland, 20850-3238.

6.   Defendant is an employer engaged in an industry affecting commerce, is contractually and legally obligated to submit contributions to the Funds, and is an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5).  Upon information and belief, Defendant is an Ohio corporation whose main place of business is 2508 Lanes Mill Road, Hamilton, OH 45013.

## STATEMENT OF CLAIM

7.   Defendant is a signatory, and has been a signatory since 2015 to one or more collective bargaining agreements (the "Collective Bargaining Agreements") with IBEW Local Union 648 as the collective bargaining representative of Defendant's employees.  Pursuant to the Collective Bargaining Agreements, Defendant has been and is currently obligated to submit contributions to the Funds on behalf of the employees covered by the Collective Bargaining Agreements.

8.   Defendant, pursuant to the Collective Bargaining Agreement, has been and is also bound to all terms and conditions of the Restated Employees Benefit Agreement and Trust for the National Electrical Benefit Fund (the "NEBF Trust Agreement"), which has governed the administration of the NEBF at all times relevant to this action.

9.   Defendant, pursuant to the Collective Bargaining Agreements, has been and is also bound to all terms and conditions of the Agreement and Trust for the National Electrical Annuity Plan (the "NEAP Trust Agreement"), which has governed the administration of NEAP at all times relevant to this action.

10. The Funds' Trust Agreements provide that the Funds have the right to audit signatory employers in order to determine whether Defendant complied fully with its obligation to the Funds.

11. The Funds have requested on numerous occasions that Defendant submit its payroll records for an audit, but Defendant has failed and refused to provide the information requested.

12. Section 502(a)(3) of ERISA provides that a fiduciary may enforce the provisions of ERISA and the terms of the plan through a civil action. 29 U.S.C. § 1132(a)(3).

13. Section 502(g)(2) of ERISA provides that a fiduciary of a multiemployer plan bringing suit to recover delinquencies under Section 515 shall recover in addition to the unpaid contributions, interest thereupon, liquidated damages, attorney's fees and costs, and other appropriate legal and equitable relief. 29 U.S.C. § 1132(g)(2).

14. According to the Collective Bargaining Agreements, the Employees Benefit Agreement, and/or 29 U.S.C. § 11132(g)(D)(2), Defendant is obligated to pay any contributions shown to be due upon completion of the audit, plus interest at a rate of ten percent (10%) per annum, liquidated damages in an amount equal to twenty percent (20%) of the delinquency, and all costs, including attorneys' fees and audit expenses, incurred in collecting the delinquency.

PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment in their favor, and that the Court's judgment require that Defendant:

    (a)    provide the Funds with access to its payroll records within 10 days hereof for the period January 1, 2016 through December 31, 2017;

(b) be ordered to pay all contributions shown to be due and owing upon completion of the Funds' compliance review;

(c) be ordered to pay liquidated damages in the amount of 20% of the contributions shown to be due and owing;

(d) be ordered to pay interest on all contributions shown to be due and owing at the rate of 10% per annum; and

(e) be ordered to pay the legal and auditor fees and costs incurred by the Funds in connection with this action.

Plaintiffs further pray that the Court grant such other legal and equitable relief as the Court deems appropriate.

Dated: May 17, 2018                         */s/ Jennifer Bush Hawkins*
                                            Jennifer Bush Hawkins  (13064)
                                            POTTS-DUPRE, HAWKINS & KRAMER, CHTD.
                                            900 7th Street, N.W., Suite 1020
                                            Washington, DC 20001
                                            Phone:  (202) 223-0888
                                            Fax:    (202) 223-3868
                                            jhawkins@phk-law.com

                                            *Attorney for Plaintiffs*
                                            *National Electrical Benefit Fund, and*
                                            *National Electrical Annuity Plan*